UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANKLIN GENE EYTCHESON, | CASE NO. 2:24-cv-00558 |
| Petitioner, | ORDER DISMISSING CASE FOR MOOTNESS |
| v. | |
| R. CATERNOLO, | |
| Respondent. | |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Brian A. Tsuchida, United States Magistrate Judge, on Petitioner Franklin Gene Eytcheson's habeas corpus petition under 28 U.S.C. § 2241. Dkt. No. 12. Judge Tsuchida recommends denying Eytcheson's petition for failure to exhaust his administrative remedies. *Id.* Respondent United States Bureau of Prisons (BOP) objected to the R&R, Dkt. No. 14, but Eytcheson did not respond, *see* Dkt. This Court need not address the exhaustion issue raised by Judge Tsuchida, however, because BOP released Eytcheson from custody on August 1, 2024, mooting his claim. *See* Dkt. No. 13 at 1. The petition is therefore DENIED.

ORDER DISMISSING CASE FOR MOOTNESS - 1

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). To sustain federal court jurisdiction, parties "must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990). When the issues presented are no longer "live," an action becomes moot. *Ruiz v. City of Santa Maria*, 160 F.3d 543, 549 (9th Cir. 1998).

Eytcheson claims BOP owed him earned time credits ("ETCs") under the First Step Act (FSA), 18 U.S.C. § 3632(d), to be applied toward early release. His petition asks the Court to order BOP to "remove 'disallowed' days from [Petitioner's] FSA Time Assessment and apply all FSA Time Credit that he has earned from the time of sentencing." Dkt. No. 6 at 5. But Eytcheson is no longer incarcerated. *See* Dkt. No. 13 at 1 (mail returned to sender); *see also* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited on August 26, 2024) (indicating release from custody on August 1, 2024); *United States v. Basher*, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of BOP Inmate Locator).

The determination of Eytcheson's FSA ETCs is therefore no longer a live issue. And because Eytcheson has requested no further relief, his petition is now moot.[1] *See Fendler v. Bureau of Prisons,* 846 F.2d 550, 555 (9th Cir. 1998) (district

---

[1] Mootness deprives the Court of its power to consider the merits of Eytcheson's petition, so this Court will not pronounce whether BOP's approach to ETCs is right or wrong. But under similar circumstances, one court in this district found that "the FSA unambiguously requires the BOP" to run ETC eligibility from the date a prisoner is sentenced and committed to BOP custody, as Eytcheson argued in his petition. *Patel v. Barron*, No. C23-937-KKE, 2023 WL 6311281, at *3-5 (W.D. Wash. Sept. 28, 2023).

ORDER DISMISSING CASE FOR MOOTNESS - 2

court properly denied § 2241 habeas petition as moot where the petitioner had "already been released on parole and ha[d] not challenged the validity of the original conviction.").

Based on its review of the R&R, the record, and the law, the Court ORDERS as follows:

1. The Court ADOPTS the R&R in part, and DENIES Eytcheson's petition as moot.

2. The Clerk is directed to provide a copy of this order to the parties and to the Honorable Brian A. Tsuchida.

Dated this 28th day of August 2024.

Jamal N. Whitehead
United States District Judge

ORDER DISMISSING CASE FOR MOOTNESS - 3